**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRIS FAULKNER, | |
| *Plaintiff*, | Civil No: 15-6518 (KSH)(CLW) |
| v. | |
| HASBRO, INC., | **OPINION** |
| *Defendant*. | |

The Court writes for the parties.

According to the complaint, in 2014, Hasbro, Inc., the third-largest toy manufacturer in the world, introduced the Harris Faulkner Hamster Doll into its Littlest Pet Shop toy line, which is one of Hasbro's most popular and lucrative brands. (D.E. 1 ("Compl.") ¶¶ 12-13.) The Littlest Pet Shop line features miniature plastic animals with exaggerated features, such as large heads and eyes, and each figurine has a unique and individualized name—for example, the skunk is named "Pepper Clark," and the mongoose is named "Sunil Nevla." (*Id.*) In addition, the Littlest Pet Shop brand produces a cartoon program, two electronic gaming applications, online videos, comic books, and stuffed animals. (*Id.*) After the hamster doll hit the toy store shelves, sold in a "Pet Pawsabilities" two pack with a fox doll named Benson Detwyler, Harris Faulkner, a professional journalist working as an on-air personality for more than 10 years with the Fox News Channel, brought this lawsuit. (Compl. ¶¶ 7, 13.)

Hasbro has since brought a limited motion to dismiss the final claim of the three-count complaint (D.E. 16), which asserts a violation of Faulkner's right of publicity under New Jersey common law. (Compl. ¶¶ 40-47.) She alleges that Hasbro misappropriated her name, likeness,

1

identity, or persona for commercial purposes without her consent, and in doing so decreased the commercial value of her name and persona, impaired her ability to do her job, and harmed her professional marketability and brand.  (Compl. ¶¶ 42, 47.)

The other two counts, which are not subject to this motion to dismiss, [1] allege direct and contributory liability for false endorsement/unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).  Hasbro argues that the "fundamental defect with Ms. Faulkner's Complaint is that she confuses her right of publicity, which protects the value of her unique *identity* … with her rights under the Lanham Act, which protect the value of her *name*, to the extent she can show it has acquired protection as an unregistered trademark."  (D.E. 21 ("Reply Brief") at 10 (internal citations omitted).)

New Jersey, unlike several other states, does not have a specific statute on the right of publicity.  However, for more than 100 years New Jersey has "recognized and supported an individual's right to prevent unauthorized, commercial appropriation" of his/her name or likeness, resulting in a developed body of common law.  *Presley's Estate v. Russen*, 513 F. Supp. 1339, 1354 (D.N.J. 1981) (citing *Edison v. Edison Polyform Mfg. Co.,* 73 N.J.Eq. 136 (1907)); *see Haelan Labs., Inc. v. Topps Chewing Gum, Inc.*, 202 F.2d 866, 868 (2d Cir. 1953) (first recognizing "right of publicity"); *see also Hart v. Elec. Arts, Inc.*, 717 F.3d 141, 150 (3d Cir. 2013).  The Third Circuit has held that:

> [t]he right to exploit the value of [an individual's] notoriety or fame belongs to the individual with whom it is associated, for an individual's name, likeness, and endorsement carry value and an unauthorized use harms the person both by diluting the value of the name and depriving that individual of compensation.

---

[1] Hasbro intends to bring further motion practice on the Lanham Act claims at another time.  (Reply Brief at 11.)

*Hart*, 717 F.3d at 151 (citing *McFarland v. Miller*, 14 F.3d 912, 919 (3d Cir. 1994) (internal quotations omitted).)  The right of publicity protects a property interest in the identity gained and enjoyed through personal labor and efforts.  *Hart,* 717 F.3d at 151.  *See also Palmer v. Schonhorn Enters., Inc.*, 96 N.J. Super. 72, 79 (Ch. Div. 1967) ("It is unfair that one should be permitted to commercialize or exploit or capitalize upon another's name, reputation or accomplishments merely because the owner's accomplishments have been highly publicized.")

"[U]nder New Jersey common law, defendant would be liable for the tort of misappropriation of likeness [also known as the right of publicity], only if defendant's use of plaintiff's likeness was for a predominantly commercial purpose."  *Tellado v. Time-Life Books, Inc.,* 643 F.Supp. 904, 909 (D.N.J. 1986).  So where the use of "name or likeness adds value to or assists in selling the product at issue," the defendant may be liable.  *Botts v. N.Y. Times Co.*, 2003 WL 23162315, at *7 (D.N.J. Aug. 29, 2003) (Cooper, J.) (dismissing publicity claim where the plaintiff's name was used merely in its capacity as a place holder, like John Doe, and not because it added value or assisted in selling a product) (citing *Hooker v. Columbia Pictures Indus.*, 551 F. Supp. 1060, 1062 (N.D. Ill. 1982)).

Hasbro argues that count three insufficiently pleads a violation of the right of publicity because "[o]ther than her contention that the Hamster Toy uses the name 'Harris Faulkner,' the Complaint contains no plausible allegations to support Ms. Faulkner's claim that the toy identified her or otherwise trades on her identity."  (Reply Brief at 1.)

The Court notes initially that Hasbro has failed to provide any authority showing that motions to dismiss claims based on a violation of the right of publicity have been successful—the cases it cites were decided on summary judgment.  *See, e.g., Hart*, 717 F.3d 141; *McFarland*, 14 F.3d 912; *Liebholz v. Harriri*, 2006 WL 2023186 (D.N.J. July 12, 2006); Tellado, 643 F.

Supp. 904; *Presley's* Estate, 513 F. Supp. 1339; *Parks v. LaFace Records*, 329 F.3d 437 (6th Cir. 2003); *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407 (9th Cir. 1996); *White v. Samsung Elecs. Am., Inc.*, 971 F.2d 1395 (9th Cir. 1992); *Vanderbilt v. Mitchell*, 72 N.J. Eq. 910 (N.J. 1907); *Palmer*, 96 N.J. Super 72; *Canessa v. J. I. Kislak, Inc.*, 97 N.J. Super. 327 (Ch. Div. 1967).

Substantively, the allegations about this toy line and Hasbro's own statements establish that when a character like the hamster doll is used for what it is intended – play – it may take on new dimensions when it is linked up with and "becomes" a real person.  According to Hasbro, "it is clear that [Littlest Pet Shop] *is* a fictionalized world in which 'Harris Faulkner' and hundreds of other toys are characters."  (Reply Brief at 7.)  Faulkner is entitled to adduce evidence that as a child plays inside this fictionalized, highly interactive world, s/he may see or put into the girl hamster doll named Harris Faulkner the identity, persona, and characteristics of the real Harris Faulkner.  In the specialized context of Hasbro's successful toy line "world," in which the hamster is admittedly "a character" designed to be played with, Faulkner's allegation that this doll bears her unusual celebrity name sufficiently pleads a violation of the right of publicity.

I.     CONCLUSION

For the foregoing reasons, the Court denies Hasbro's motion to dismiss Faulkner's third count alleging a violation of her right of publicity under New Jersey common law.  An appropriate order will follow.

/s/ Katharine S. Hayden\_\_\_\_\_
Katharine S. Hayden, U.S.D.J.